THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS
RAILWAY COMPANY
v.
JOHN W. MCHENRY.

*Railroads—Negligence—Defective Brake—Special Findings.*

1. Where no objection is made to evidence offered on trial, nor variance argued in the motion for new trial or assignment of error, the declaration must be held to be sufficient after verdict.

2. It can not be considered to be contributory negligence for a passenger on a railway train to take hold of the brake wheel on a car, as he comes upon the platform thereof.

3. If such brake is dangerous to persons leaving or entering a given car, recovery may be had for injuries suffered through the use thereof.

4. Only special findings inconsistent with the general verdict are of consequence.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of White County; the Hon. C. S. CONGER, Judge, presiding.

Messrs. W. H. DYE and HOLDERBY & BLAKELY, for appellant.

Messrs. ORGAN & ORGAN, for appellee.

MR. JUSTICE PHILLIPS. Appellee became a passenger on appellant's train. The station at which he desired to get off having been called, he arose and went to the platform of the car and placed his left hand on the brake wheel, at the time holding a lantern in his right hand, when the brake wheel suddenly revolved, breaking appellee's arm. The declaration avers the duty of appellant as, "and thereupon it became the duty of the defendant, upon the arrival of said train, at, etc., aforesaid, to give the plaintiff time and opportunity safely to alight therefrom, and then and there to stop said train a reasonable time so as to enable the plaintiff to alight

therefrom," and avers the breach of duty; "yet the defendant did not regard its duty, or use due care in the management of said train or the different parts of machinery composing said train, but, on the contrary thereof, upon the arrival of said train, at, etc., aforesaid, and while the plaintiff, with due care and diligence, was about to alight therefrom, when some part of said machinery constituting said train suddenly gave way, to wit, the wheel constituting a part of the brake and guard by which said train is controlled, that some part of the machinery connected with said brake gave way, thereby injuring the plaintiff," etc. The breach of duty alleged is much broader than the duty stated. No objection to evidence offered was made on trial, nor was variance argued in the motion for new trial or assignment of errors. The declaration, therefore, must be held sufficient after verdict. Air brakes were used on the train, and there were also attached to the cars the chain brake, rod and wheel, to be used in the event the air brakes failed to work. It appears from the evidence that if the chain is wound around the brake rod and the ratchet wheel is not held by the dog, on application of the air brakes the wheel will revolve rapidly, and in no other way can it be thus made to revolve by the air brakes. The proof is that not until the car stopped did the plaintiff take hold of the brake; the car was still when he left the car. There is no conflict in the evidence as to the injury, and it resulting from taking hold of the wheel of the brake. It can not be considered that it was contributory negligence for the plaintiff to take hold of the brake wheel as he came onto the platform of the car; it stands the prominent object, most convenient to seize hold of on leaving the car on the side where it stands, and even though the passenger knows its purpose, it is not contributory negligence to take hold of it. If it be attendant with danger to take hold of it, then surely it should be placed differently or be securely protected. That it is dangerous at a certain time this evidence shows; and if the touch of the foot of a person coming aboard or leaving the car, however accidental, if the turning of the wheel by an intermeddling person ever

so slightly, removes the hold of the dog in the ratchet wheel and then causes this brake wheel to become a dangerous piece of machinery, thus indeed is a person boarding or leaving the car in danger without notice, a danger of a character that a passenger should be protected from by the carriers, and its so easily becoming an object of danger, its becoming such object, is a condition not consonant with the safety of the passenger, because not properly fastened, and hence the brake's wheel and its machinery was defective, and being so, it authorized the general verdict.

But it is insisted that as the jury, in answer to special interrogations, found, first, that there was a safe and convenient platform from which to alight; second, that the plaintiff did not go upon the platform until the train came to a full stop; third, that the accident was not caused simply by grasping the brake wheel; fourth, but the sudden revolving of the wheel at the same time the hand was placed upon it; fifth, the jury were unable to determine if there was any defect in the brake or its machinery; sixth, that it was inspected as thoroughly as time and circumstances would permit; and by these findings it is urged, it appears, the jury found the defendant was entirely free from negligence. The only special finding that could have controlled the general verdict, which was for plaintiff, and his damages assessed at $500, was the fifth, if answered in the affirmative. But the answer to that question was that the jury was unable to determine whether there was any defect in the brake or its machinery. The evidence shows that when switching, the air brakes were not connected, and hence the hand brake necessarily used; it then could not become a dangerous piece of machinery, and for such purpose there was no defect or unprotection in the brake or its machinery, nor is it liable to suddenly revolve. But when the train is made up and the air brakes connected, as a piece of machinery that may so easily become an object of danger, it should be securely fastened, that accidental causes or careless and irresponsible persons intermeddling may not endanger the limbs of passengers. And the inability of a jury to answer clearly

and fully a question of that character does not control a general verdict. It was possible for the defendant to so have fastened the wheel that such an accident as this could not have happened; and this without unreasonable expense or trouble. That such an accident could have been reasonably expected and foreseen is shown by the actual knowledge of the inspectors, who knew of the liability of the wheel to revolve when unfastened. And omission to provide against this accident is actionable negligence. Motion was made to dismiss appeal for alleged want of abstract, which motion was reserved for final opinion. We find the abstract sufficient, and the motion to dismiss appeal is overruled.

We find no error in giving or refusing instructions, and the judgment is affirmed.

*Judgment affirmed.*